UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCELINO LOPEZ,

v.  Case No. 8:04-cr-336-T-17MSS
 8:07-cv-2293-T-17MSS

UNITED STATES OF AMERICA.
_____

## O R D E R

This cause is before the Court on Defendant Lopez's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CR-308; CV-1). A review of the record demonstrates that, for the following reasons, the motion to vacate must be denied.

### Procedural History

On August 5, 2004, a grand jury in the Middle District of Florida indicted Lopez and several other men on charges of conspiring to possess five kilograms or more of cocaine with the intent to distribute it, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii), and possessing five kilograms or more of cocaine with the intent to distribute it, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). (CR-1).

Two of Lopez's co-defendants moved to suppress the evidence obtained from their vessel, and Lopez adopted their motions. (CR-81, 89, 90, 92, 113). After a hearing, the Court denied the suppression motions. (CR-152, 153). A codefendant later filed two motions to dismiss the indictment, and Lopez adopted those motions was well. (CR-127,

128, 134, 135). Both motions were subsequently denied. (CR-158).

Thereafter, Lopez pled guilty unconditionally to both counts of the indictment without a plea agreement. (CR-165, 166, 172, 179). On December 19, 2005, the Court sentenced Lopez to 151 months' imprisonment. (CR-215; CR-224).

Lopez appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 05-17201-JJ.[1] On appeal, Lopez raised the following issues:

a. The trial court erred in denying the motion to suppress based upon unreasonable suspicion;

b. Whether Appellant should be treated as a minor participant for his role in the offense; and

c. Whether the Court should remand this case for sentencing because the sentence was unreasonable per *United States v. Booker.*

On September 15, 2006, the Eleventh Circuit Court of Appeals affirmed the disposition of Lopez's case. *United States v. Lopez*, 195 Fed. Appx. 941 (11th Cir. 2006); (CR-299). Lopez did not petition the Supreme Court for certiorari review. On December 12, 2007, Lopez timely filed the instant section 2255 motion. (CR-308; CV-1).

## FACTS

In July 2004, a United States Coast Guard cutter intercepted a Honduran fishing vessel, the Miss Mery Hill, off the coast of Colombia. Presentence Investigation Report ("PSR") ¶ 8. The Miss Mery Hill had few fish and no fishing equipment on board, but it did have sixty-four bales of cocaine, which weighed a total of 1,536 kilograms. PSR ¶ 9. Lopez and five other Hondurans were crew members on the Miss Mery Hill, and all of them were

---

[1] Appellate briefs for Lopez and the United States are attached to Document 4 as Attachments A and B, respectively.

aware of the cocaine on board and intended to profit from their delivery of the cocaine. PSR ¶¶ 9-10.

## Discussion

In his present motion to vacate, Lopez alleges he received ineffective assistance of counsel both pre-trial and at sentencing. Lopez's allegations, raised in a conclusory and unsupported manner, are either contradicted by the record and/or without merit for the reasons discussed below.

## Ground One

Lopez claims his counsel was ineffective because he failed to move to dismiss the indictment, pursuant to the Fifth and Sixth Amendments, due to a "Jurisdictional defect". (CV-1 at 4).

## Standard for Ineffective Assistance of Counsel

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d

3

1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690. Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Hill*, 474 U.S. at 58. Counsel

owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, the petitioner claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.*

Ground One has no merit. Lopez does not specify exactly what claim (or claims) should have been raised by his counsel. Claims not fairly raised will not be entertained on collateral attack. *United States v. Jones*, 614 F.2d 80 (5th Cir. 1980); *Walker v. Dugger*, 860 F.2d 1010, 1011 (11th Cir. 1988) (claims raised only superficially). While a pro se litigant may be entitled to liberal construction of his arguments, issues mentioned only superficially will not be treated as properly raised. *Walker*, 860 F.2d at 1011. Likewise, vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). Lopez also fails to identify any prejudice he suffered by counsel's failure to raise such a

motion to dismiss.

Approximately two months after Lopez's arrest, the United States moved for a pre-trial determination of jurisdiction. (CR- 66, 67). While that motion was pending, codefendant Jorge Naun Aguilar moved to dismiss the indictment, claiming that the vessel was not subject to the jurisdiction of the United States. (CR-127). This motion was adopted by Lopez. (CR-135, 150). The court ultimately granted the United States' motion for pre-trial determination of jurisdiction, (CR-145), and denied Aguilar's motion to dismiss. (CR-158). Furthermore, at his change of plea hearing, Lopez admitted that the vessel he was on was subject to the jurisdiction of the United States. (See CR-258 at 22).

Lopez's counsel raised a constitutional objection to jurisdiction prior to Lopez's decision to plead guilty. Therefore, contrary to Lopez's claim, his attorney was not ineffective under either *Strickland* prong.

## Ground Two

Lopez next contends that his counsel failed to move to dismiss the indictment, suppress evidence or seek a downward departure at sentencing. (CV-1 at 5). These claims are contradicted by the record. Lopez's counsel adopted co-defendants' motions to dismiss, (CR-127, 128, 134 and 135), motions which were ultimately denied by the court. (CR-158). Likewise, counsel adopted "co-defendants' suppression motions. (See CR-81, 89, 90 and 92). Both suppression motions were denied. (CR-153). Lopez's counsel also raised the suppression claim on direct appeal, without success. (See Attachment A at 5-6). Regarding sentencing, Lopez's counsel sought, without success, downward departures on several grounds, at the sentencing hearing. (See CR-263). Counsel also challenged unsuccessfully on direct appeal, the Court's refusal to find that Lopez was a minor participant. (See

Attachment A at 6-8). Counsel cannot be deemed ineffective merely because he raised unsuccessful arguments. To the extent Lopez claims his counsel should have sought a downward departure pursuant to USSG § 5K2.0, Lopez fails to specify what grounds his counsel could have presented to the court to support such a departure. Therefore, this conclusory allegation is completely without merit.

Lopez also contends that his Vienna Convention rights were violated, his pre-trial detention was difficult, and his initial appearance was delayed. (CV-1 at 5). These conclusory claims are without of any factual support.

The Vienna Convention is a 79-article, multilateral treaty, which was negotiated in 1963 and ratified by the United States in 1969. See Vienna Convention, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261 (ratified Nov. 24, 1969). As a properly ratified treaty, the Vienna Convention is the supreme law of the land. U.S. Const. art. VI, § 2, cl.2. Article 36 of the Vienna Convention deals specifically with "what a member state must do when a foreign national is arrested." *United States v. Lombera-Camorlinga*, 206 F.3d 882, 884 (9th Cir.2000). The Eleventh Circuit has declined to specifically find that the Vienna Convention creates a private cause of action enforceable by individuals, but has held that even if it does, no remedy is available absent a showing of prejudice. *United States v. Cordoba-Mosquera*, 212 F.3d 1194, 1196 (11th Cir. 2000); see also *United States v. Duarte-Acero*, 132 F.Supp.2d 1036 (S.D. Fla. 2001), *aff'd*, 296 F.3d 1277 (11th Cir. 2002). In this instance, because Lopez has failed to identify any prejudice he suffered due to the alleged

lack of consular notification and/or consultation, no remedy is available.[2] To the extent Lopez is claiming his counsel was ineffective because he did not raise this argument, Lopez has failed to identify any prejudice he suffered or articulate any remedy he seeks. The Eleventh Circuit has held that "neither the suppression of evidence nor dismissal of an indictment is an appropriate remedy for a violation of Article 36." *Duarte-Acero*, 296 F.3d at 1281. Lopez's Vienna Convention claims entitle him to no relief.

Lopez's claim regarding his "hard condiction (sic) of incarceration" cannot be addressed because Lopez has failed to identify what he deems a "hard" condition. As to any delay in his initial appearance, the undersigned notes that Lopez's vessel was intercepted in international waters on July 29, 2004, approximately thirty miles southwest of Colombia. PSR ¶ 8. Lopez was arrested on August 10, 2004, (CR-51), and had his initial appearance on August 11, 2004. (CR-16; PSR ¶ 11). Clearly, there was no delay in Lopez's initial appearance once he entered the United States. These claims, like all the others raised at Ground Two, are without merit and entitle Lopez to no relief.

## Ground Three

Lopez next claims that his counsel was ineffective during sentencing because he failed to request application "for a Minimum Mandatory" sentence and USSG Amendments 635-668. (CV-1 at 7). Lopez faced a statutory mandatory minimum sentence of ten years

---

[2] The Supreme Court has not definitively decided the issue but has stated that the Vienna Convention "arguably confers on an individual the right to consular assistance following an arrest." *Breard v. Greene*, 523 U.S. 371, 376 (1998). More recently, in *Sanchez-Llamas v. Oregon*, 126 S.Ct. 2669 (2006), the Supreme Court opted to leave open-ended the question of whether the Vienna Convention created enforceable individual rights, assuming without deciding that the Vienna Convention did create such rights. *Id*. at 2677. In *Sanchez-Llamas*, the Supreme Court held that, *assuming* the Vienna Convention created enforceable individual rights, suppression of the evidence via the exclusionary rule was not an appropriate remedy for violation of the Vienna Convention. *Id*. at 2678-79 (emphasis added). The Supreme Court's analysis was crafted specifically for the remedy of suppression of evidence via the exclusionary rule, and not for any other form of remedy. *Id.* at 2680-82.

up to life imprisonment. PSR ¶ 49. At sentencing, his counsel moved for downward departures on several grounds including Lopez's minor participation, acceptance of responsibility and 18 U.S.C. § 3553, seeking a sentence of 70 to 87 months, well under the mandatory minimum sentence. (CR-263 at 6-16). After denying all these motions, the Court imposed a sentence of 151 months, the low end of the advisory guideline range. (Id. at 20). As the record reveals, counsel argued for a sentence well below the mandatory minimum sentence of 120 months. Counsel cannot be deemed ineffective simply because his downward departure requests were denied. Even if Lopez had established deficient performance by his counsel, he has failed to establish any resulting prejudice because his sentence of 151 months is at the low end of the sentencing guideline range and is well below the statutory maximum term of life imprisonment. This claim entitles Lopez to no relief.

In addition, the guideline amendments mentioned by Lopez, Amendments 635-668, became effective beginning in November 1, 2001 and continuing through until November 1, 2004 (the effective date for Amendments 663 through 668). See USSG App. C Vol. II and Supplement to App. C. Lopez's PSR guideline calculation range was based on the November 2004 edition of the guidelines, PSR ¶ 7, which incorporated all the amendments identified by Lopez. Because his guideline sentence range was calculated using those amendments, he received benefit of those amendments (to the extent applicable), rendering his claim of ineffective assistance of counsel meritless.

### Ground Four

Lopez argues that his counsel was ineffective because he failed to move to dismiss the indictment based on the "'Nexus' between the conduct condemmed (sic) and the U.S."

(CV-1 at 8). This claim is without merit. Lopez also alleges that his counsel failed to request application of the safety value at sentencing. (CV-1 at 8). That claim is contradicted by the record.

Lopez's counsel was not ineffective because he failed to move to dismiss the indictment due to lack of nexus between Lopez's criminal conduct and the United States. The indictment against Lopez was returned on August 5, 2004. (CR-1). Case law in effect during that time period clearly recognized that the government did not have to prove a nexus between a defendant's criminal conduct and the United States in a prosecution under the Maritime Drug Law Enforcement Act (MDLEA), Title 46 App. § 1903. *See United States v. Rendon,* 354 F.3d 1320, 1325 (11th Cir. 2003) (listing cases). Lopez's counsel cannot be deemed to have performed deficiently by failing to address an issue that reasonably would have been considered to be without merit or for failing to anticipate changes in the law. *See Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986). This claim of ineffective assistance of counsel is without merit and entitles him to no relief.

Lopez's final claim is also without merit. Contrary to his assertion, Lopez's counsel requested and Lopez received benefit of the safety valve at sentencing. (See CR-263 at 6-8, 12-13 (two-level reduction award for safety valve)). Lopez's claims of ineffective assistance of counsel entitle him to no relief. None of his claims demonstrate deficient performance and resulting prejudice.

**Accordingly, the Court orders:**

That Lopez's motion to vacate (CR-308; CV-1) is denied. The Clerk is directed to enter judgment against Lopez in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* “A [COA] may issue ··· only if the applicant has made a substantial showing of the denial of a constitutional right.” *Id.* at § 2253(c)(2). To make such a showing, Defendant “must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,” *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that “the issues presented were ‘adequate to deserve encouragement to proceed further, ’ " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 18, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: James C. Preston, Jr.
Marcelino Lopez, pro se